UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW H., | ) |
|     Plaintiff | ) ) ) |
| v. | )    2:23-cv-00444-JCN ) |
| MARTIN O'MALLEY, Commissioner of Social Security, | ) ) ) ) |
|     Defendant | ) ) |

**MEMORANDUM OF DECISION**

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act. Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, the Court affirms the administrative decision.

**THE ADMINISTRATIVE FINDINGS**

Defendant's final decision is the June 14, 2023, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 7-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§

---

[1] Because the Appeals Council found no reason to review that decision (R. 1.) Defendant's final decision is the ALJ's decision.

404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments, including degenerative disc disease of the cervical spine, Baker's cyst of the left knee, thoracic outlet syndrome, varicose veins, depressive disorder, anxiety disorder, and PTSD. (R. 38.) The ALJ found Plaintiff had the capacity to perform light work with certain limitations. Of some relevance here, the ALJ found that Plaintiff can frequently reach in all directions with bilateral upper extremities. (R. 42.) The ALJ also determined that Plaintiff can understand, remember, and carry out simple instructions; can adapt to ordinary routine workplace changes; can occasionally interact with supervisors and coworkers; and cannot work with the general public. (*Id*.)

Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of the vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including in the representative occupations of sorter, price marker, and assembler. (R. 46.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring

evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ's RFC assessment is arbitrary and is not otherwise supported by substantial evidence on the record.

An "ALJ must measure the claimant's capabilities and 'to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on the job performance, would be apparent even to a lay person.'" *Manso-Pizzaro*, 76 F.3d at 17 (quoting *Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 7 (1st Cir. 1991)); *see also Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings, so long as [the ALJ] does not overstep the bounds of a lay person's competence and render a medical judgment."). In other words, while an ALJ is not required to call a medical expert, *see Rodriguez Pagan* at 5, an ALJ may not substitute her or his judgment for that of an expert, nor translate raw medical data into an RFC assessment. *See, e.g., Nguyen*, 172 F.3d at 35; *Manso-Pizzaro*, 67 F.3d at 16.

A review of the record reveals, and the parties agree, that there are no expert medical opinions that address Plaintiff's physical functional capacity. Two state agency examiners found Plaintiff's impairments to be non-severe, and thus did not assess Plaintiff's RFC. The ALJ found both opinions unpersuasive, noting that the opinions were not consistent with "the medical record, including diagnostic testing, which documents [Plaintiff's] alleged conditions, as well as treatment history." (R. 44-45.) None of Plaintiff's treatment providers opined as to Plaintiff's functional capacity.

3

Plaintiff has the "burden of establishing the extent of [his] limitations." *Mosconas v. Saul*, No. 19-2049, 2020 WL 6255298, at *1 (1st Cir. Sept. 15, 2020). Plaintiff argues that the ALJ's physical findings are "an arbitrary and unexplained assessment of [Plaintiff's] work-related activities." (Plaintiff's Brief at 8, ECF No. 13.) Plaintiff, however, has failed to cite any persuasive evidence to support his contention or to establish that he has greater physical limitations than reflected by the RFC.

First, as referenced above, Plaintiff has not provided a medical opinion that would support a more restrictive physical RFC. Furthermore, the one finding that Plaintiff specifically challenges – the restriction on his ability to reach – is supportable.

Plaintiff maintains that contrary to the ALJ's determination, he cannot reach frequently with both upper extremities. Plaintiff argues that the RFC should have limited him to occasional reaching with his right upper extremity. Plaintiff contends that because the vocational expert (VE) testified that Plaintiff could not perform the identified jobs if he was limited to occasional reaching with one of his upper extremities, remand is required.[2]

In support of his contention that he is limited to no more than occasional reaching with

---

[2] After the ALJ presented to the VE a hypothetical that provided for a person to reach frequently with both upper extremities, the VE testified that the occupations of sorter, price marker, and assembler were available in sufficient numbers in the national economy. Upon questioning from Plaintiff's counsel, the VE testified:

> Q. (counsel): Okay. If the hypothetical individual was limited to no more than occasional reaching with the non-dominant right upper extremity would those same jobs be available?
>
> A. (VE): No, it would not. Those jobs would not be available because they require bilateral use of the hands. Those jobs would be eliminated.
>
> Q. (counsel): Okay. Yes, bilateral – with frequent bilateral [inaudible].
>
> A. (VE): Yes.

(R. 84.)

his right arm, Plaintiff does not cite a medical opinion but, instead, appears to rely principally on his testimony as evidence of his limitation. Plaintiff testified that he could not lift as much weight with his right arm when compared to his left arm (R. 68) and that he has some "difficulty" reaching. (R. 77.)

"'Occasionally' means occurring from very little up to one-third of the time." "'Frequent' means occurring from one-third to two-thirds of the time." Social Security Ruling 83-10, 1983 WL 31251, at *5-6. Plaintiff's general reference to difficulty reaching is insufficient to establish that he is limited to occasional reaching with his right upper extremity. The ALJ, therefore, did not err when he did not provide in the RFC that Plaintiff was limited to occasional reaching with his right upper extremity.

The ALJ also did not err when he found that Plaintiff could reach frequently with both upper extremities. With no expert opinion to support the ALJ's RFC assessment, one relevant question is whether "the extent of functional loss, and its effect on the job performance, would be apparent even to a lay person." *Manso-Pizzaro*, 76 F.3d at 17. The Court discerns nothing in the regulations or caselaw that would require expert medical opinion evidence for an ALJ to distinguish between frequent and occasional use. Common sense suggests there are circumstances in which an ALJ could supportably distinguish between frequent and occasional reaching without an expert medical opinion (e.g., where the ALJ finds credible evidence that a claimant regularly engaged in activities that obviously required frequent reaching).

In his assessment of the RFC, the ALJ noted Plaintiff's conservative physical therapy, his work at a marina, his ice fishing activities, and his workout routine at the gym. (R. 43-44.) Defendant cites Plaintiff's range of motion in his right shoulder, his workout routine, including his ability to lift a certain amount of weight overhead, and the fact that Plaintiff climbed a

5

ladder while working as evidence that supports the ALJ's finding. Plaintiff's description of his weight-lifting activity and his demonstrated ability to lift weights during physical therapy are noteworthy. During physical therapy in December 2022, Plaintiff performed 1 set, 10 repetitions of 20-pound overhead shoulder press; 2 sets, 10 repetitions of 25-pound overhead Arnold press; 2 sets, 10 repetitions of 25-pound chest press; 1 set, 10 repetitions of 35-pound chest press. (R. 661.) Plaintiff "denie[d] any replication of symptoms" while engaged in the overhead shoulder press and Arnold press. (*Id*.) He also reported performing deadlifts. (R. 392.)

      On this record, the ALJ did not require an expert medical opinion to assess the relationship between Plaintiff's ability to engage in the weight-lifting activity and his ability to reach. Plaintiff's ability to reach was evident and documented during physical therapy. His workout/weight-lifting activity is in accord with some of his other activities that also required some degree of reaching, such as ice fishing, hiking, and working at a marina. The ALJ's determination that Plaintiff can reach frequently (i.e., from one-third to two-thirds of the time) represents a common-sense conclusion based on his assessment of the non-medical evidence. Plaintiff's argument that the ALJ's physical RFC finding was arbitrary and not supported by substantial evidence, therefore, is unconvincing.

      Plaintiff's challenge to the ALJ's mental RFC assessment is also unpersuasive. The ALJ supportably found the opinions of the two state agency consultants, David Houston, Ph.D. and Mary Alice Burkhart, Ph.D., to be persuasive. The RFC is consistent with the opinions. To the extent the ALJ's assessment differs from the consultants' opinions, the ALJ's assessment is more restrictive. A plaintiff is not entitled to remand where the ALJ has assessed a more restrictive RFC than the medical opinion evidence would support. *Kristina D.B. v.*

6

*Berryhill*, No. 18-cv-00088-JHR, 2019 WL 1407407, at *4 (D. Me. Mar. 28, 2019) (discussing cases); *see also Lee v. Berryhill*, No. 2:17-cv-00040-JHR, 2018 WL 793595, at *5 (D. Me. Feb. 8, 2018) (ALJ can give the claimant the "benefit of the doubt" and recognize limitations in the RFC finding beyond those expressed in an opinion that the ALJ might otherwise rely on as substantial evidence of a less restrictive RFC); *Soto v. Colvin*, No. 2:14-cv-28-JHR, 2015 WL 58401, at *3 (D. Me. Jan. 5, 2015) ("A claimant may not obtain a remand on the basis of an RFC that is more favorable than the evidence would otherwise support."). Plaintiff has also not cited a contrary medical opinion with greater restrictions that the ALJ should have imposed. Plaintiff, therefore, has demonstrated no prejudice. *See Dube v. Kijakazi*, No. 23-1068, 2024 WL 372841 (1st Cir. Jan. 16, 2024) (reversal not warranted where plaintiff has failed to show prejudice).

## CONCLUSION

Based on the foregoing analysis, the Court finds that the ALJ's RFC assessment is supported by substantial evidence on the record. Accordingly, the Court affirms the administrative decision.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of September, 2024.